UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY, a foreign Corporation,   Case No. 2:16-cv-11437
                                            Hon.
    Plaintiff,

v.

WADE McGRADY, MVP LIMO, LLC and   **DEMAND FOR JURY TRIAL**
BLAKE W. MOSSHOLDER,

    Defendants.

---

**CARY R. BERLIN (P64122)**
**PAUL H. JOHNSON, JR. (P26871)**
**Patrick, Johnson & Mott, P.C.**
Attorneys for Allstate
27777 Franklin Road, Suite 1400
Southfield, Michigan 48034
(248) 356-8590
cberlin@pjmpc.com

**STEPHEN R. BOEHRINGER (P65482)**
**The Law Offices of Catherine Gofrank**
Attorneys for MVP Limo LLC
625 Kenmoor Ave SE Suite 212
Grand Rapids, Michigan 49546-2395
(616) 942-4224
sboehrin@travelers.com

**TIMOTHY W. MIZEROWSKI (P43772)**
**Mizerowski, Thon & Parker, P.C.**
Attorney for Wade McCrady
873 N. Mill Street
Plymouth, Michigan 48170
(734) 656-1500
tmizerowski@tmizlaw.com

**MICHAEL E. LARKIN (P40994)**
**Sinas Dramis Brake Boughton & Mcintyre PC**
Attorney for Blake Mossholder
3380 Pinetree Rd
Lansing, Michigan 48911
(517) 394-7500
mikelarkin@sinasdramis.com

---

**COMPLAINT FOR DECLARATORY JUDGMENT**

*The subject matter of this lawsuit relates, at least in part, to of the same transaction or occurrence that is the subject matter of litigation currently pending in the Ingham County Circuit Court, under Case No. 15-704-NO.*

The Plaintiff, Allstate Property and Casualty Insurance Company ("Allstate"), through its attorneys, Patrick, Johnson & Mott, P.C., and for its Complaint for Declaratory Judgment brought pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 against the Defendants, Wade McGrady

("McGrady"), MVP Limo, LLC ("MVP") and Blake W. Mossholder ("Mossholder"), states as follows:

## GENERAL ALLEGATIONS

1. Allstate is a foreign insurance corporation, duly organized and existing under the laws of the State of Illinois, with its principal place of business located in the City of Northbrook, State of Illinois, and at all times the material hereto, was licensed and authorized to provide property and casualty insurance in the State of Michigan, including, in Ingham County.

2. Upon information and belief, at all times material hereto, McGrady was a citizen of, and was domiciled in the State of Michigan.

3. Upon information and belief, at all times material hereto, MVP was a Michigan limited liability company, with all of its members being citizens and residents of the State of Michigan, making MVP a citizen of the State of Michigan for purposes of jurisdiction.

4. Upon information and belief, at all times material hereto, Mossholder was a citizen of, and was domiciled in the State of Michigan.

5. A controversy exists between Allstate and the Defendants in an amount in excess of $75,000.00.

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 2201.

7. The laws of the State of Michigan govern this matter.

8. Allstate issued a Homeowners insurance policy to McGrady, numbered 000960024389, in which it agreed to provide a defense and/or indemnification if McGrady or any other insured becomes legally obligated to pay damages because of bodily injury or property damage arising from an occurrence to which the policy applies, subject to all the terms, conditions,

limitations and exclusions set forth therein. (Policy, **Exhibit "A"**).

9. On or about February 28, 2015, McGrady, Mossholder and others were riding in the back of a 2008 Ford limousine van rented from MVP, and being driven by Eric Earl Meyers ("Meyers").

10. While the limousine van was traveling northbound on highway US 127 in Ingham County, Michigan, an altercation occurred between McGrady and Meyers.

11. It is alleged that Meyers slammed on the brakes, causing the limousine van to stop suddenly.

12. Mossholder alleges that when the limousine stopped suddenly, he was propelled forward, resulting in injuries to his shoulder.

13. On or about August 27, 2015, Mossholder commenced an action against MVP and Meyers in the Ingham County Circuit Court.

14. During discovery, MVP filed a notice of non-party at fault, alleging McGrady was at least partially at fault for Mossholder's injuries.

15. On or about December 23, 2015, Mossholder filed an amended complaint, naming MVP, Mr. Meyers and McGrady as defendants (Amended Complaint, **Exhibit "B"**).

16. MVP and Mossholder have alleged that McGrady's intoxication and negligent, reckless, and violent behavior caused and/or contributed to Meyers slamming on the brakes, and causing the injuries to Mossholder.

17. McGrady has requested that Allstate provide him with a defense in that lawsuit under his homeowners policy, and agree to indemnify him if a judgment is entered against him in that case.

18. Allstate is providing a defense to McGrady subject to a reservation of rights. (**Exhibit "C"**).

3

19. The subject policy provides:

    Section II Family Liability and
    Guest Medical Protection

    Coverage X
    Family Liability Protection

    Losses We Cover Under Coverage X:
    Subject to the terms, conditions and limitations of this policy, we will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and is covered by this part of the policy.

## COUNT I
## MOTOR VEHICLE EXCLUSION

20. The policy excludes certain losses, providing, in relevant part, that:

    **Losses We Do Not Cover Under Coverage X And Coverage Y**

    * * *

    C. **Losses We Do Not Cover Under Coverage X And Coverage Y**:

       Coverage under Coverage X Family Liability Protection will be excluded for **bodily injury** and **property damage** and coverage under **Coverage Y Guest Medical Protection** will be excluded for **bodily injury** as follows:

       * * *

    4. We do not cover **bodily injury** or **property damage** arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motor vehicle or trailer. However, this exclusion does not apply to:

       a) a motor vehicle in dead storage or used exclusively on an **insured premises**;
       b) any motor vehicle designed principally for recreational use off public roads, unless that vehicle is owned by an

4

                                    **insured person** and is being used away from an **insured premises**;
- c) a motorized wheel chair;
- d) a vehicle used to service an **insured premises** which is not designed for use on public roads and not subject to motor vehicle registration;
- e) a golf cart owned by an **insured person** when used for golfing purposes;
- f) a trailer of the boat, camper, home or utility type unless it is being towed or carried by a motorized land vehicle;
- g) lawn or garden implements under 40 horsepower;
- h) **bodily injury** to a **residence employee.**

21. Mossholder has alleged that he was injured when the motor vehicle he was a passenger in suddenly stopped and propelled him forward.

22. Mossholder's alleged injuries arose out of the use of a motor vehicle, and the limousine van does not fall within any of the exceptions outlined in the policy.

23. Bodily injuries arising out of the use of a motor vehicle are expressly excluded by the policy.

24. Accordingly, there is no requirement under McGrady's homeowners policy that Allstate defend and/or indemnify him in the underlying lawsuit.

WHEREFORE, the Plaintiff, Allstate Property and Casualty Insurance Company, respectfully requests that this Honorable Court enter an Order that:

    a. declares the rights and other relations of the parties to this action;

    b. declares that under its policy of insurance, Allstate is not obligated to defend or indemnify Wade McGrady in the underlying lawsuit, case number 15-704-NO, as the claimed damages are expressly excluded by the

     motor vehicle exclusion contained in the Allstate homeowners policy which was issued to him;

  c.  permits a trial by jury of any fact issues in this case;

  d.  awards Allstate its costs and attorney fees; and

  e.  awards Allstate any other relief this Court deems appropriate.

## COUNT II
## NOT AN OCCURRENCE

25. Allstate incorporates herein by reference hereto each of its allegations contained in Paragraphs 1 through 24 of this Complaint for a Declaratory Judgment, the same as if the allegations were fully set forth herein.

26. The policy provides the following definition:

Definitions Used In This Policy

* * *

  7. **Occurrence**-means an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in **bodily injury** or **property damage**.

27. McGrady's alleged actions that resulted in Mossholder's claimed injuries were not accidental

28. Therefore, McGrady's alleged conduct is not an occurrence under McGrady's homeowners policy.

29. Accordingly, there is no requirement under McGrady's homeowners policy that Allstate defend and/or indemnify him in the underlying lawsuit.

WHEREFORE, the Plaintiff, Allstate Property and Casualty Insurance Company, respectfully requests that this Honorable Court enter an Order that:

6

    a.    declares the rights and other relations of the parties to this action;

    b.    declares that under its policy of insurance, Allstate is not obligated to defend or indemnify Wade McGrady in the underlying lawsuit, case number 15-704-NO, because the bodily injuries complained of did not result from an occurrence under the subject policy;

    c.    permits a trial by jury of any fact issues in this case;

    d.    awards Allstate its costs and attorney fees; and

    e.    awards Allstate any other relief this Court deems appropriate.

**COUNT III**
**INTENTIONAL ACTS EXCLUSION**

30. Allstate incorporates herein by reference hereto each of its allegations contained in Paragraphs 1 through 29 of this Complaint for a Declaratory Judgment, the same as if the allegations were fully set forth herein.

31. The subject policy also provides:

> **Losses We Do Not Cover Under Coverage X And Coverage Y**
>
>     **\* \* \***
>
> **C.    Losses We Do Not Cover Under Coverage X And Coverage Y:**
>
> Coverage under **Coverage X Family Liability Protection** will be excluded for **bodily injury** and **property damage** and coverage under **Coverage Y Guest Medical Protection** will be excluded for **bodily injury** as follows:
>
> 1.    **We** do not cover any **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional acts or omissions of, any **insured person**. This exclusion applies even if:
>     a)    such **insured person** lacks the mental

7

          capacity to govern his or her conduct;
b) such **bodily injury** or **property damage** is of a different kind or degree than intended or reasonably expected; or
c) such **bodily injury** or **property damage** is sustained by a different person than intended or reasonably expected.

      This exclusion applies regardless of whether or not such **insured person** is actually charged with, or convicted of a crime.

32. McGrady's alleged actions that resulted in Mossholder's claimed injuries were not accidental, but were instead, the result of McGrady's intentional conduct.

33. Bodily injuries caused by McGrady's intentional conduct is expressly excluded by the policy.

33. Accordingly, there is no requirement under McGrady's homeowners policy that Allstate defend and/or indemnify him in the underlying lawsuit.

WHEREFORE, the Plaintiff, Allstate Property and Casualty Insurance Company, respectfully requests that this Honorable Court enter an Order that:

    a. declares the rights and other relations of the parties to this action;

    b. declares that under its policy of insurance, Allstate is not obligated to defend or indemnify Wade McGrady in the underlying lawsuit, case number 15-704-NO, because the alleged conduct is expressly excluded by the policy's intentional acts exclusion;

    c. permits a trial by jury of any fact issues in this case;

    d. awards Allstate its costs and attorney fees; and

    e. awards Allstate any other relief this Court deems appropriate.

                                        Respectfully submitted,

                                        **PATRICK, JOHNSON & MOTT, P.C.**

                                        s/ *Cary R. Berlin*
                                        Attorneys for Allstate
                                        27777 Franklin Road, Suite 1400
                                        Southfield, Michigan 48034
                                        (248) 356-8590
                                        cberlin@pjmpc.com
                                        P64122

Date: April 21, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY, a foreign Corporation,           Case No. 2:16-cv-11437
                                                    Hon.
            Plaintiff,
v.

WADE McGRADY, MVP LIMO, LLC and
BLAKE W. MOSSHOLDER,

            Defendants.

---

| | |
|---|---|
| **CARY R. BERLIN (P64122)**<br>**PAUL H. JOHNSON, JR. (P26871)**<br>**Patrick, Johnson & Mott, P.C.**<br>Attorneys for Allstate<br>27777 Franklin Road, Suite 1400<br>Southfield, Michigan 48034<br>(248) 356-8590<br>cberlin@pjmpc.com | **STEPHEN R. BOEHRINGER (P65482)**<br>**The Law Offices of Catherine Gofrank**<br>Attorneys for MVP Limo LLC<br>625 Kenmoor Ave SE Suite 212<br>Grand Rapids, Michigan 49546-2395<br>(616) 942-4224<br>sboehrin@travelers.com |
| **TIMOTHY W. MIZEROWSKI (P43772)**<br>**Mizerowski, Thon & Parker, P.C.**<br>Attorney for Wade McCrady<br>873 N. Mill Street<br>Plymouth, Michigan 48170<br>(734) 656-1500<br>tmizerowski@tmizlaw.com | **MICHAEL E. LARKIN (P40994)**<br>**Sinas Dramis Brake Boughton & Mcintyre PC**<br>Attorney for Blake Mossholder<br>3380 Pinetree Rd<br>Lansing, Michigan 48911<br>(517) 394-7500<br>mikelarkin@sinasdramis.com |

---

## DEMAND FOR JURY TRIAL

The Plaintiff, Allstate Property and Casualty Insurance Company, through its attorneys, Patrick, Johnson & Mott, P.C., hereby demands a trial by jury in the above-captioned matter.

> Respectfully submitted,
> **PATRICK, JOHNSON & MOTT, P.C.**
> s/ *Cary R. Berlin*
> Attorneys for Allstate
> 27777 Franklin Road, Suite 1400
> Southfield, Michigan 48034
> (248) 356-8590
> cberlin@pjmpc.com

Date: April 21, 2016                                P64122